This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

wbc

Mailed: August 19, 2013

Opposition No. 91199364

The Phillies

v.

Philadelphia Consolidated
Holding Corp.

**Wendy Boldt Cohen, Interlocutory Attorney:**

This case comes up on The Phillies' ("opposer") motion for protective order filed December 28, 2012 pursuant to Fed. R. Civ. P. 26(c) seeking to protect opposer against having to respond to all 507 of Philadelphia Consolidated Holding Corp.'s ("applicant") requests for admission served October 10, 2012.[1] The motion has been fully briefed.

## I. BACKGROUND

Applicant filed applications to register two composite word and design marks, GREENPHLY[2] and TEAMPHLY[3], both for "insurance

---

[1] The parties agree that the due date for opposer's responses to the October 10, 2012 requests for admission was extended to December 28, 2012.

[2] Application Serial No. 85013899 filed April 14, 2010 alleging a date of first use anywhere and in commerce of September 11, 2009 in Classes 36 and 41.

and insurance services, namely, insurance underwriting services in the fields of professional liability insurance, commercial lines of insurance, directors and officers liability insurance, errors and omissions insurance, specialty property and inland marine insurance, automobile insurance, business and personal property and casualty insurance; [c]haritable fundraising services, namely, organizing and conducting events relating to heath (sic), nutrition and the environment to raise money," in Class 36 and "organizing community sporting and cultural events relating to health, nutrition and the environment; education services, namely, classes, instructional courses, seminars, workshops, lectures, tutoring and mentoring in the field of health, nutrition and environmental issues," in Class 41.

Opposer filed a notice of opposition alleging priority and likelihood of confusion, based on ten previously used and registered marks, six previously used and applied-for marks (all of which matured into registrations during the pendency of this proceeding), and additional marks for which it claims prior common law rights. The notice of opposition, in relevant part, includes the following allegations (emphasis added):

> 2. Since long prior to September 11, 2009, Applicant's claimed first use date for both marks, Opposer, its predecessors, and their affiliated and

---

[3] Application Serial No. 85013956 filed April 14, 2010 alleging a date of first use anywhere and in commerce of September 11, 2009 in Classes 36 and 41.

related entities, licensees and/or sponsors have used *the names or marks PHILLIES or PHILS, alone or with other word, letter and/or design elements,* in connection with baseball games and exhibition services and *a wide variety of goods and services, including, but not limited to insurance services; educational services in the fields of health or the environment; charitable services; promoting public awareness of environmental issues; organizing community sporting events;* clothing; toys and sporting goods and the word PHILLIE is used by fans, the press, media and public to refer to and identify the Club's individual players, coaches and managers (collectively, "Opposer's PHILLIES Marks").

...

4. Since long prior to September 11, 2009, Applicant's claimed first use date for both marks, Opposer, its predecessors, and their affiliated and related entities, licensees and/or sponsors have promoted and advertised the sale and distribution of goods and services bearing or offered in connection with Opposer's PHILLIES Marks, including, but not limited to, baseball games and exhibition services and *a wide variety of goods and services, including, but not limited to insurance services; educational services in the fields of health or the environment; charitable services; promoting public awareness of environmental issues; organizing community sporting events;* clothing; toys and sporting goods and have offered such goods and rendered such services in commerce.

...

6. Since long prior to September 11, 2009, Applicant's claimed first use date for both marks, Opposer, its predecessors, and their affiliated and related entities, licensees and/or sponsors have used designs of the Liberty Bell, alone or with other word, letter and/or design elements, including the following [ten] distinctive designs [which include stylized representations of the Liberty Bell] (collectively, "Opposer's Liberty Bell Design Marks"), in connection with baseball games and exhibition services and *a wide variety of goods and services, including, but not limited to insurance services; financial services;*

3

> *charitable services; educational services in the field*
> *of health or the environment; organizing community*
> *sporting events* and clothing.
>
> ...
>
> 15. Applicant's [involved marks] so resemble Opposer's
> PHILLIES Marks and Opposer's Liberty Bell Design Marks
> as to be likely, when used in connection with
> Applicant's services, to cause confusion, to cause
> mistake, and to deceive the trade and public, who are
> likely to believe that Applicant's services have their
> origin with Opposer and/or that such services are
> approved, endorsed or sponsored by Opposer or
> associated in some way with Opposer. Opposer would
> thereby be injured by the granting to Applicant of
> certificates of registration for Applicant's TEAMPHLY
> and Design Mark and Applicant's GREENPHLY and Design
> Mark.

During discovery, applicant served upon opposer a set of 507 requests for admission, as well as sets of interrogatories and document requests. The requests for admission, as alleged by both parties, comprise requests that opposer admit or deny whether opposer is selling or licensing specific goods and services under each of the pleaded marks. In lieu of responding to the requests for admission, opposer filed a timely motion for protective order in which it seeks relief from responding to the requests for admission.

In support of its motion, opposer alleges that it is "blatantly clear by the sheer number of requests that [a]pplicant has failed to make any effort to seek only proper and relevant discovery;" that information relating to the scope of opposer's use of its marks is "admittedly relevant" but cumulative of other

4

discovery requests; that opposer would have to "comb through potentially thousands of documents and . . . make innumerable inquiries of its hundreds of licensees and/or sponsors;" that the burden to opposer in time and expense would be "extensive" and would outweigh any need of applicant for the information sought; and that therefore, a protective order should be granted protecting opposer from undue burden and expense and providing that opposer need not respond to the requests for admission in their current form.

Applicant alleges that its discovery is "proper and targeted toward narrowing the issues in this case;" that there are over fourteen different registrations at issue, each with a distinct number of goods and services necessitating numerous requests for admission; that whether the same matters are covered in other discovery does not excuse opposer's failure to answer the requests for admission; and that therefore, opposer's failure to respond within the allotted timeframe should result in the admissions being deemed admitted for summary judgment purposes.

## II. DISCUSSION

Fed. R. Civ. P. 26(c)(1) requires that a party that moves for a protective order include a certificate that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action.  Likewise, TBMP § 412.06 (3d ed. rev.2 2013)

provides that "the parties should confer in good faith before seeking Board intervention for a protective order."

Opposer alleges that it attempted to resolve the dispute over applicant's requests for admission in an email and follow-up conversation purportedly discussing options for resolution to the dispute. Thereafter, opposer alleges that "inasmuch as [a]pplicant's counsel was unwilling to extend [o]pposer's time to respond to [a]pplicant's discovery requests," it advised applicant it would have to seek a protective order if no resolution regarding the dispute was reached. Opposer alleges that having received no further response from applicant and no resolution having been reached, the current motion was filed.

In view of the foregoing, the Board finds opposer made a good faith effort to resolve the discovery dispute before seeking Board intervention, pursuant to Fed. R. Civ. P. 26(c)(1) and as discussed in TBMP § 412.06.

As noted, applicant asks that its requests for admission be deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3) as opposer filed the present motion instead of answering the discovery requests. TBMP § 407.03(b) states:

> It is generally inappropriate for a party to respond to requests for admission by filing a motion attacking them, such as a motion to strike, a motion to suppress, a motion for a protective order, etc. Rather, the party ordinarily should respond by *answering those requests that it believes to be proper*

6

> *and stating its reasons for objection to those that it believes to be improper.* (emphasis added).

However, as indicated by the highlighted language above, where the responding party's specific objection is to the burden and/or expense created by having to respond to a very large number of requests, this suggestion does not appear to apply nearly as strongly as it does to objections solely directed to individual requests. Both Fed. R. Civ. P. 26(c) and Trademark Rule 2.120(f) expressly permit a party to file a motion for a protective order limiting discovery where "justice requires to protect a party from annoyance, embarrassment, oppression, undue burden or expense." *See, e.g., FMR Corp. v. Alliant Partners*, 51 USPQ2d 1759, 1761 (TTAB 1999); *see also* Fed. R. Civ. P. 36(a) Advisory Committee notes (1970 amendment)("requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome. If so, the responding party may obtain a protective order under Rule 26(c)."); *accord* 7 James Wm. Moore, MOORE'S FED. PRACTICE § 36.11[5][e](2012)(stating that filing a motion for a protective order, in lieu of serving objections and waiting for the requestor to file a motion to compel, may be more efficient in some instances).

Accordingly, applicant's requests for admission shall not be deemed automatically admitted solely because opposer moved for a protective order instead of serving answers and/or objections.

The purpose of discovery is to advance the case by requiring parties to share certain relevant information upon request, so that the issues for trial may be focused and the case may proceed in an orderly manner within reasonable time constraints. In serving requests for admission, a party asks its adversary to stipulate to certain matters as a means of reducing issues for trial. *See* TBMP § 407.02. Fed. R. Civ. P. 36(a) requires that the answering party admit or deny the matter set forth in the requests for admission, or detail the reasons why the party can do neither. An admission in response to a request for admission "conclusively establishe[s]" the matter that is the subject of that request. Fed. R. Civ. P. 36(b). However, a denial in response to a request for admission is merely a refusal to stipulate to certain matter, thus leaving that matter to be resolved on the merits. *See Sinclair Oil Corp. v. Kendrick*, 85 USPQ2d 1032, 1036 n.8 (TTAB 2007).

The scope of discovery in a Board proceeding is governed by Fed. R. Civ. P. 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(2) allows for limitations on discovery where such discovery

is "**unreasonably** cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive" (emphasis added). "Although the rule contemplates liberal discovery, the right to discovery is not unlimited. Both the Trademark Rules and the Federal Rules of Civil Procedure grant the Board discretion to manage the discovery process in order to balance the requesting party's need for information against any injury that may result from discovery abuse." *FMR Corp. v. Alliant Partners*, 51 USPQ2d at 1761; *See also*, *Micro Motion Inc. v. Kane Steel Co.,* 894 F.2d 1318, 13 USPQ2d 1696 (Fed. Cir. 1990), and authorities cited in TBMP § 402.02. While it is a general rule that parties involved in an adversary proceeding are entitled to seek discovery as they may deem necessary to help them prepare for trial, it is not the practice of the Board to permit unlimited discovery to the point of harassment and oppressiveness. *See, e.g., Dow Corning Corp. v. The Doric Corp.*, 183 USPQ 377, 378 (TTAB 1974).

The movant for a protective order must establish good cause for issuance of the order. Trademark Rule 2.120(f); Fed. R. Civ. P. 26(c)(1); *see also* TBMP § 412.06. To establish good cause, a movant must provide "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *FMR Corp. v. Alliant Partners,* 51 USPQ2d at 1761. The movant must demonstrate that its ability to litigate will be

prejudiced, not merely that the difficulty of managing the litigation will increase. *A. Hirsh, Inc. v. United States,* 657 F. Supp. 1297, 1305 (C.I.T. 1987); TBMP § 412.06.

Depending on the nature of the motion, the Board may have to determine whether there is a need for protection against a particular request for admission due to its nature, or whether the sheer volume of requests for admission renders them harassing and oppressive. *See, e.g., Double J of Broward Inc. v. Skalony Sportswear GmbH,* 21 USPQ2d 1609, 1612 (TTAB 1991); *Fort Howard Paper Co. v. G.V. Gambina Inc.*, 4 USPQ2d 1552, 1554 (TTAB 1987); TBMP § 412.06(b). The parties are expected to take into account the principles of proportionality with regard to requests for admission such that the volume of requests does not render them harassing and oppressive and are expected to consider the scope of the requests as well as confer in good faith about the proper scope of discovery so as to minimize the need for motions. *See* Trademark Rule 2.120(a); Fed. R. Civ. P. 26(f); *Cf. Frito-Lay North America Inc. v. Princeton Vanguard LLC*, 100 USPQ2d 1904, 1908-10 (TTAB 2011) (Board applied principle of proportionality in case involving discovery of electronically-stored information).

Here, applicant's requests for admission are neither individually improper nor are they harassing or oppressive as a whole. Opposer generally alleges it would be unduly burdened,

"in both time and expense," given the large number of requests for admission. While the Board recognizes that having to respond to hundreds of requests for admission may, in the abstract, appear excessive and unduly burdensome, in this case opposer has pleaded at least twenty-six marks, many of them cumulative and repetitive, as bases for its Section 2(d) claim and applicant's requests for admission seek thirty-two admissions or denials for each of only fourteen of opposer's pleaded marks.[4] Opposer chose to draft its notice of opposition broadly, pleading ten (now sixteen) registrations and at least ten common law marks for which it claims use on or in connection with a broad variety of goods and services. Language in the notice of opposition such as "including, but not limited to," or "wide variety of goods and services," and thereafter reciting a long list of goods and

---

[4] The requests for admission are broken down as follows:
  (1) request nos. 1-32 re:  Registration No. 922084;
  (2) request nos. 33-64 re:  Registration No. 1517523;
  (3) request nos. 65-96 re:  Registration No. 1550914;
  (4) request nos. 97-128 re:  Registration No. 1604774;
  (5a) request nos. 129-160 re:  Registration No. 1660775;
  (5b) request nos. 161-192 re:  Registration No. 1660775;
  (6) request nos. 193-224 re:  Registration No. 1761475;
  (7) request nos. 225-256 re:  Registration No. 1786730;
  (8) request nos. 257-288 re:  Registration No. 1862960;
  (9) request nos. 289-320 re:  Registration No. 3747556;
  (10) request nos. 321-352 re:  Registration No. 4035158;
  (11) request nos. 353-384 re:  Registration No. 4120821;
  (12) request nos. 385-416 re:  Registration No. 4143913;
  (13) request nos. 417-448 re:  Registration No. 4143914; and
  (14) requests nos. 449-480 re:  Registration No. 4199377.
Requests for admission nos. 481-507 seek information, *inter alia*, about use of PHIL, PHL, PHLY, PHILLIES, opposer's marketing and channels of trade, knowledge of certain of applicant's other registrations and instances of actual confusion.

services, is vague and indefinite and does not provide fair notice of the specific marks on which opposer is relying in support of its Section 2(d) claim and/or the specific goods and/or services upon which those marks are used.

Because opposer pleaded its Section 2(d) claim so broadly as well as ownership of numerous used and registered marks, the sheer number of requests (507) is not, in these circumstances, *per se* oppressive and unduly burdensome. Had opposer narrowed the scope of its Section 2(d) claim by pleading fewer, and only the most relevant, marks and more clearly and specifically identifying the goods and/or services relevant to this proceeding, the scope of permissible discovery would have been proportionately narrower as well.

While Fed. R. Civ. P. 26 allows the Board to limit discovery if it determines that the discovery sought is obtainable from other sources that are more convenient and less burdensome or duplicative, as a general rule, parties are entitled to seek such discovery as they may deem necessary to help them prepare for trial. *See FMR Corp. v. Alliant Partners,* 51 USPQ2d at 1761; *Dow Corning Corp. v. The Doric Corp.*, 183 USPQ at 378. Although there may exist other discovery methods available to obtain the information sought in the requests for admission, opposer fails to address how those other methods are more convenient or less burdensome. Rather, opposer's allegation of undue burden "in

both time and expense" is merely conclusory. *See, e.g., McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) *citing, Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985).

The Board finds that, under the circumstances of this case, applicant's requests for admission are neither oppressive nor unduly burdensome. Applicant seeks information about opposer's alleged use, and its requests for admission require opposer to admit or deny that it uses its pleaded marks on or in connection with specific pleaded goods and services. These requests are relevant to opposer's allegations and claims as pleaded, as admitted by the parties, as they seek information about the scope of use, relatedness of the parties' goods and/or the basis for potential counterclaims. *See Johnson & Johnson v. Rexall Drug Co.,* 186 USPQ 167, 171 (TTAB 1975).

As previously stated, the question of proportionality in discovery disputes must be considered on a case by case basis, and the Board is not persuaded that a protective order is warranted in this case. The admittedly large number of requests for admission is not *per se* unduly burdensome, harassing or oppressive when considered in light of the pertinent facts.

Notwithstanding the foregoing, the Board notes that applicant's requests for admission contain some duplication or some requests that are outside the scope of discovery. In

13

particular, requests for admission nos. 161 – 192 are duplicative of requests for admission nos. 129 – 160. Additionally, requests for admission 321 – 384, seek information related to Registrations Nos. 4120821 and 4035158. These registrations, however, have not been pleaded by opposer and as such, are beyond the scope of discovery.[5]

In view thereof, opposer's motion for protective order is **<u>DENIED</u> with regard to request for admissions nos. 1-160 and 385-507**, but is **<u>GRANTED</u> with regard to request for admissions nos. 161-192 and 321-384**. Except as otherwise noted herein, opposer is allowed until thirty days from the mailing date set forth in this order to serve responses to applicant's requests for admission, failing which pursuant to Fed. R. Civ. P. 36(a), said requests for admission will automatically be deemed admitted. In addition, applicant may file a motion for sanctions pursuant to Trademark Rule 2.120(g) for opposer's failure to comply with a Board order.

 **III. SCHEDULE**

---

[5] To the extent applicant seeks discovery in regard to opposer's unpleaded registrations because it seeks to determine whether there is any basis for a counterclaim, this would be a permissive and not a compulsory counterclaim. *See* TBMP § 313.05. Applicant is free to conduct its own investigation to determine whether a permissive counterclaim is warranted, but should avoid further complicating this case by conducting the investigation through discovery in this case.

Proceedings herein are resumed.[6]  Remaining dates are reset as follows:

| | |
|---|---|
| Discovery Closes | **9/10/2013** |
| Plaintiff's Pretrial Disclosures | **10/25/2013** |
| Plaintiff's 30-day Trial Period Ends | **12/9/2013** |
| Defendant's Pretrial Disclosures | **12/24/2013** |
| Defendant's 30-day Trial Period Ends | **2/7/2014** |
| Plaintiff's Rebuttal Disclosures | **2/22/2014** |
| Plaintiff's 15-day Rebuttal Period Ends | **3/24/2014** |

In each instance, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony.  See Trademark Rule 2.l25, 37 C.F.R. Section 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.l28(a) and (b).  An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

---

[6] Although proceedings herein were not suspended until after the close of the discovery period, opposer's motion was filed one day prior to the closing date of the discovery period.  While a party should not presume that the Board will automatically reset discovery when it determines a pending motion, the Board, in the exercise of its discretion, will allow the parties a short period to complete discovery.  *See* TBMP § 502.04.